## Samuel H. Anschell, Appellee, v. Mortimer B. Flynn, Appellant.

### Gen. No. 33,869.

Opinion filed February 24, 1930.

Miller, Gorham & Wales, for appellant.

Wolfsohn & Fireman, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff, as payee of a promissory note for $2,000 made by the defendant, brought suit to recover $1,791.40 claimed to be the balance due on the note. The case was tried before the court without a jury and there was a finding and judgment in favor of plaintiff for $2,000, being the amount plaintiff claimed, with interest, and the defendant appeals.

The record discloses that plaintiff, defendant and about 15 other men were directors of the Fort Dearborn Athletic Club, located at 12 East Monroe Street, Chicago; that the club was in need of $20,000 and arrangements were made with a bank to borrow the money. The agreement with the bank was that if plaintiff would execute his promissory note for $20,000, payable to the bank, put up as collateral to the note, the individual notes of the directors of the club in amounts aggregating $20,000, and would also put up as collateral a chattel mortgage executed by the club on its personal property, the $20,000 would be loaned by the bank. This agreement was authorized by the club and it was carried out; plaintiff executed his note for $20,000 and the individual directors executed their notes ranging in amounts from $500 to $2,500. These latter notes were made payable to plaintiff's order. They were indorsed by him and delivered to the bank, together with the chattel mortgage. The club then received the $20,000. Afterwards when the indebtedness to the bank became due, plaintiff was required to pay it, which he did, and at the time the chattel mortgage and the individual notes of the directors, including one of $2,500 made by himself, were turned over to him. He foreclosed the chattel mortgage and credited each of the directors who had made their notes with his pro rata share. Plaintiff's part of the proceeds received from the foreclosure of the chattel mortgage was $208.60, leaving a balance due on the note of $1,791.40, for which amount with interest thereon plaintiff sues.

The defendant contends that in executing his note for $2,000, payable to plaintiff, he was acting merely as surety for the Athletic Club and that since plaintiff, after he had received the individual notes of the directors, which had been pledged to the bank, extended the time of payment to some of the directors on their individual notes, this, under the law, released the defendant. His contention is that the extension of time of the cosurety discharges the liability of the other cosureties. We think the contention of the defendant is inapt here, even if we assume the law to be as contended for by counsel, because there could be no contribution between the directors who made the individual notes. Each one was liable for the specific amount mentioned in his note. He could be required to pay no more or no less. The reason for the rule that where a creditor extends the time of payment to the principal debtor, without the consent of the surety, he releases the surety, is that the surety's rights might be prejudicially affected. That reason is not applicable here because each of the directors who made the notes is liable for his own note and no more.

The defendant further contends that the court erred in ruling out his offered evidence to the effect that he had not been notified of the time and place of the sale of the property covered by the chattel mortgage. We think the ruling was entirely proper. No such defense was interposed by the defendant in his affidavit of merits. On the contrary, defendant set up the fact that the chattel mortgage had been foreclosed and that each of the makers of the individual notes was credited with his pro rata share of the proceeds derived from such foreclosure.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.